IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kristin Harkey, | ) | Case No. 9:24-cv-03172-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the successful representation of Plaintiff by Eddy Pierre Pierre and Paul T. McChesney in the underlying Social Security benefits action. [Doc. 19.] Plaintiff requested attorney fees in the amount of Six Thousand Five Hundred Thirty-Five Dollars and 42/100 cents ($6,535.42.). [*Id.* at 1.] In the interest of administrative and judicial economy, the parties agreed to stipulate to an award of Six Thousand One Hundred Dollars and 00/100 cents ($6,100) in attorney fees under the EAJA as reasonable in this case.[1] [Doc. 20.]

**APPLICABLE LAW**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . . brought by or against the United States . . . ,

---

[1] The Government provides that "[t]this stipulation constitutes a compromise settlement of Plaintiff's request for EAJA and does not constitute an admission of liability on the part of the Commissioner under the EAJA. Payment of the stipulated award shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA in connection with this action." [Doc. 20 at 2.]

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) (the eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement.)

A claimant is a prevailing party if the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Further, a fee petition is timely if filed within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(B). Finally, the government's position is "substantially justified" if it "ha[s] a reasonable basis both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). The phrase "substantially justified" has not been defined as "justified to a high degree," but a position has been described as "substantially justified" if there is a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]." *Id*. at 565 (alteration in original) (internal citations and quotation marks omitted).

## DISCUSSION

Under § 2412(d)(2)(A), fees and other expenses that may be awarded to a prevailing party in a civil action against the government must be "reasonable." The statute also provides a maximum hourly rate that can be awarded. Specifically, Congress provided that the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for

2

the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii); *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002).

In an EAJA award, the Commissioner is charged only those fees and expenses fairly attributable to the monitoring and investigatory activities that led to the discovery of the dispute and to the litigation of that dispute. *Hyatt*, 315 F.3d at 256. "Costs" are limited to filing fees, copying, and printing charges. 28 U.S.C. § 1920; *see also* 28 U.S.C. § 2412(a)(1) (specifying that costs are limited to those enumerated in 28 U.S.C. § 1920); *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83, 86–87 (1991) (noting that only those items specifically listed in 28 U.S.C. § 1920 are compensable as costs). Other items, such as postage, attorney travel, and telephone charges, are considered "expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985)(upholding award of expenses for telephone charges, postage, air courier charges, and attorney travel and noting that such expenses are those normally billed to a client and are routine under most fee statutes).

**Reasonableness of Fees and Expenses**

Because the Commissioner has stipulated to the amount of attorney fees to be paid in this matter, the Court is left to analyze only whether Plaintiff's requested award is reasonable. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (noting that appellate courts review attorney's fee awards for an abuse of discretion); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (*citing Pierce*, 487 U.S. at 571) (stating that "district courts have discretion to determine a reasonable fee award"). As stated above, a determination of the reasonableness of the fees and costs is within the discretion of this court. *See* 28 U.S.C. § 2412(b). These determinations must be made in the context of

the specific case at bar; what is reasonable in one case may be unreasonable in another. *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C.1986).  The reasonableness of the hours expended in a particular case depends upon the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the tactics of the opponent.  *Id*. at 470.  Finally, the court must weigh the hours claimed against its own knowledge, experience, and expertise of the time required to complete similar activities. In sum, the court must scrutinize the total number of hours reported by the fee applicant to arrive at the number of hours that can fairly and reasonably be charged to the losing party.  *Id*.  The Court has reviewed Plaintiff's fee petition [Docs.  19 through 19–4] and finds the requested hours, (23.8 hours of attorney time and 5.54 hours of paralegal time), is reasonable.

Accordingly, the Commissioner will determine whether Plaintiff has any outstanding federal debt to be offset from the award.  If Plaintiff has no outstanding federal debt, the Commissioner will honor any EAJA assignment that Plaintiff may provide and make the check(s) payable to Plaintiff's counsel. However, if Plaintiff has outstanding federal debt, the Commissioner will make the check(s) payable to Plaintiff directly and deliver the check(s) to the business address of Plaintiff's counsel. The amount of the stipulated award payable to Plaintiff will be the balance of stipulated award remaining after subtracting the amount of Plaintiff's outstanding federal debt. If Plaintiff's outstanding federal debt exceeds the amount of the stipulated award, the stipulated award will be used to offset Plaintiff's federal debt and no stipulated award shall be paid.

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiff is awarded attorney fees in the amount of Six Thousand One Hundred Dollars and 00/100 cents ($6,100.00) pursuant to the EAJA, 28 U.S.C. § 2412(d).[2]  Accordingly, Plaintiff's petition [19] is MOOT.

**IT IS SO ORDERED.**

s/Jacquelyn D. Austin  
United States District Judge

November 6, 2025  
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] This stipulated award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.